UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

RAHJEEM WILLIAMS,

                        Plaintiff,

   -v-

THE CITY OF NEW YORK, *et al*,

                        Defendants.

No. 07 Civ. 3764 (RJS)
MEMORANDUM AND ORDER

---

RICHARD J. SULLIVAN, District Judge:

    Plaintiff Rahjeem Williams, a prisoner incarcerated at Cayuga Correctional Facility in Moravia, New York and proceeding *pro se*, brings this action pursuant to 42 U.S.C. § 1983 seeking damages for alleged violations of his civil rights. Specifically, plaintiff asserts claims for false arrest, malicious prosecution, false imprisonment, and deliberate indifference in connection with his arrest and conviction in the State of New York, Bronx County, in 2005, for criminal possession of a controlled substance in the third degree. In addition to monetary damages, plaintiff seeks to be immediately released from prison.

    Defendants now move to dismiss plaintiff's complaint pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure on the grounds that plaintiff's claims are barred by the favorable termination doctrine set forth by the Supreme Court in *Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994). For the following reasons, defendants' motion to dismiss is granted.

### I. BACKGROUND

    On December 10, 2003, plaintiff was indicted on four drug-related charges: 1) criminal possession of a controlled substance in the third degree; 2) criminal sale of a controlled substance in the third degree; 3) criminal sale of a controlled substance on or near school grounds; and 4) unlawful possession of marijuana. *See* N.Y. Penal Law §§ 220.16(1), 220.39, 220.44, and 221.05

(McKinney 2008); (*see* Pl.'s Opp'n Ex. 10A.)[1]  The charges of criminal sale of a controlled substance on or near school grounds and unlawful possession of marijuana were dismissed before plaintiff's trial.  (*See* Compl. Ex. 14.)  On July 7, 2005, a jury found plaintiff guilty of criminal possession of a controlled substance in the third degree in violation of N.Y. Penal Law § 220.16(1).  (*See* Pl.'s Opp'n Exs. 7, 8.)  The charge of criminal sale of a controlled substance in the third degree resulted in a hung jury after trial and was subsequently dismissed.  (*See id.*)

On September 26, 2005, plaintiff was sentenced as a second felony offender to four and one-half to nine years imprisonment.  (*See* Compl. Ex. 1.)  On March 14, 2007, plaintiff filed a petition for *habeas corpus* pursuant to 28 U.S.C. § 2254 challenging his conviction.  On February 13, 2008, the Honorable John G. Koeltl, District Judge, dismissed plaintiff's petition without prejudice for failure to exhaust state court remedies, as his appeal was still pending at that time in the Appellate Division, First Department.  *See Williams v. Corcoran*, No. 07 Civ. 2182 (JGK), 2008 WL 394806, at *1 (S.D.N.Y. Feb. 13, 2008).

Subsequently, plaintiff commenced the instant action, relating to his July 7, 2005 conviction.  (*See* Compl. at 3, 7.)  Specifically, to support his allegations of false arrest and imprisonment, plaintiff argues that there was no probable cause for his arrest or conviction.  (*Id.* at 4.)  Plaintiff contends that due to misrepresentations and false evidence presented to the grand jury by the arresting officers, probable cause was wrongly established, and accordingly, plaintiff's arrest and imprisonment were not legally justified.  (*See* Pl.'s Opp'n at 2-3; Pl.'s Reply at 8.)  Plaintiff also claims that there was no corroborating testimony before the grand jury from any police officers who witnessed plaintiff's involvement in a drug transaction with the arresting officer.  (*See* Compl. at

---

[1]The Court notes that plaintiff filed an opposition to defendant's motion to dismiss the complaint on September 25, 2007 ("Pl.'s Opp'n") , as well as a document the Court construes as a sur-reply on November 1, 2007 ("Pl.'s Reply").

4.) Finally, plaintiff asserts that he was falsely imprisoned in light of the state court's dismissal of the criminal sale charge at trial, which plaintiff characterizes as a "favorable termination" of his proceedings despite his conviction for criminal possession of a controlled substance in the third degree. (*Id.* at 6.) Regarding his claim for malicious prosecution, plaintiff asserts that his "indictment was produced by fraud, perjury, and [other] police conduct undertaken in bad faith." (*Id.* at 3.) Plaintiff further alleges that his conviction was secured by a conspiracy involving several New York City Police Officers, the Bronx County District Attorney's Office, and the New York Supreme Court justice assigned to his case. (*Id.* at 10-3.[2]) Specifically, plaintiff contends that several assistant district attorneys and arresting officers made false statements before the grand jury and withheld relevant documents and information. (*Id.* at 5.)

Plaintiff bases his final claim for deliberate indifference on the failure of the Bronx District Attorney's Office "to train and supervise their employees not to commit perjury." (*Id.* at 7.) Furthermore, plaintiff alleges that the New York City government and the District Attorney's Office pursued his prosecution under a "policy [designed] to deprive plaintiff of his liberty and . . . of society for more than a year. . . ." (*Id.* at 12.)

The Court notes that plaintiff's § 1983 claims for false arrest and imprisonment, malicious prosecution, and deliberate indifference all relate to his underlying conviction for criminal possession of a controlled substance and/or the three charges against him which were subsequently dismissed. The Court takes judicial notice of the fact that plaintiff is presently incarcerated at Cayuga Correctional Facility in Moravia, New York, serving a term of four and one-half years to nine years, for the crime of criminal possession of a controlled substance in the third degree, of

---

[2] Several pages of plaintiff's complaint are numbered "10-1," "10-2," "10-3," "10-4," "10-5," and "10-6."

which he was convicted.[3]

## II.  STANDARD OF REVIEW

In deciding a motion to dismiss under Rule 12(b)(6), this Court must accept the factual allegations set forth in the complaint as true, and draw all reasonable inferences in favor of the plaintiff.  *See Cleveland v. Caplaw Enter.*, 448 F.3d 518, 521 (2d Cir. 2006).  The plaintiff must satisfy "a flexible 'plausibility standard,' which obliges a pleader to amplify a claim with some factual allegations in those contexts where such amplification is needed to render the claim plausible."  *Iqbal v. Hasty*, 490 F.3d 143, 157-58 (2d Cir. 2007).  The Court, therefore, does not require "heightened fact pleading of specifics, but only enough facts to state a claim to relief that is plausible on its face."  *Bell Atl. Corp. v. Twombly*, --- U.S. ---, 127 S. Ct. 1955, 1974 (2007); *see also Iqbal*, 490 F.3d at 158 ("[W]e believe the Court is not requiring a universal standard of heightened fact pleading. . . .").  Moreover, as plaintiff is appearing *pro se*, the Court shall "'construe [his] complaint] broadly, and interpret [it] to raise the strongest arguments that [it] suggests.'"  *Weixel v. Bd. of Educ. of the City of N.Y.*, 287 F.3d 138, 146 (2d Cir. 2002) (quoting *Cruz v. Gomez*, 202 F.3d 593, 597 (2d Cir. 2000)); *see also Abbas v. Dixon*, 480 F.3d 636, 639 (2d Cir. 2007) ("The policy of liberally construing *pro se* submissions is driven by the understanding that '[i]mplicit in the right to self-representation is an obligation on the part of the court to make reasonable allowances to protect *pro se* litigants from inadvertent forfeiture of important rights because of their lack of legal training.'") (quoting *Traguth v. Zuck*, 710 F.2d 90, 95 (2d Cir. 1983)).

## III.  DISCUSSION

To prevail on a claim under Section 1983, a plaintiff must show: (1) the deprivation of any rights, privileges, or immunities secured by the Constitution and laws (2) by a person acting under

---

[3]This information was obtained on August 1, 2008 via use of the New York Department of Correction Services Inmate Population Information Search webpage, located at http://nysdocslookup.docs.state.ny.us/.

the color of state law. *See* 42 U.S.C. § 1983. "Section 1983 itself creates no substantive rights; it provides only a procedure for redress for the deprivation of rights established elsewhere." *Duamutef v. Morris*, 956 F. Supp. 1112, 1115 (S.D.N.Y. 1997) (citing *Sykes v. James*, 13 F.3d 515, 519 (2d Cir. 1993)).

> In *Heck v. Humphrey*, the Supreme Court held that:
>
> [I]n order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of *habeas corpus* under 28 U.S.C. § 2254. A claim for damages bearing that relationship to a conviction or sentence that has *not* been so invalidated is not cognizable under § 1983.

512 U.S. at 486-87. The Supreme Court in *Heck* thus denied the existence of a cause of action that would implicate the validity of a criminal conviction under § 1983 when the underlying criminal conviction has not yet been invalidated. *Id.* at 489. In so doing, the Court applied the favorable termination doctrine required to prevail in a lawsuit for malicious prosecution to all § 1983 damages actions that would implicate the legality of the challenged conviction, if successful. *See id.* at 486 ("We think the hoary principle that civil tort actions are not appropriate vehicles for challenging the validity of outstanding criminal judgments applies to § 1983 damages actions that necessarily require the plaintiff to prove the unlawfulness of his conviction or confinement, just as it has always applied to actions for malicious prosecution."). Indeed, courts in this District, applying *Heck*, routinely dismiss § 1983 claims that implicate the validity of plaintiff's conviction when the plaintiff has failed to demonstrate that his conviction was favorably terminated. *See Peay v. Ajello*, 470 F.3d 65, 68 (2d Cir. 2006) ("Inasmuch as plaintiff has not shown that his conviction has been reversed or declared invalid, the District Court properly dismissed the claims against [defendant] . . . ."); *Gibson v. City of New York*, 182 F.3d 899, 899 (2d Cir. 1999) (affirming the district court's dismissal of

plaintiff's § 1983 claims for false arrest due to plaintiff's conviction and subsequent denial of his appeal); *Channer v. Mitchell*, 43 F.3d 786, 787 (2d Cir. 1994) (affirming a *Heck*-based dismissal of § 1983 claims where petitioner had failed to establish that his conviction had been reversed); *Younger v. City of New York*, 480 F. Supp. 2d 723, 730 (S.D.N.Y. 2007) (holding that plaintiff's § 1983 claims for false arrest, false imprisonment, and malicious prosecution would, if successful, render plaintiff's conviction invalid, and are, therefore, barred by the favorable termination doctrine articulated in *Heck*); *Rivera v. City of Yonkers*, 470 F. Supp. 2d 402, 408 (S.D.N.Y. 2007) (dismissing plaintiff's false imprisonment/arrest and malicious prosecution claims pursuant to § 1983 because under *Heck*, "a conviction for a crime cannot be considered a termination in favor of the accused"); *Duamutef v. Morris*, 956 F. Supp. 1112, 1115-16 (S.D.N.Y. 1997) (dismissing § 1983 claims for malicious prosecution, false arrest, perjury, retaliation against first amendment rights, and denial of equal protection due to a failure to state a claim under *Heck* because of the valid underlying criminal conviction).

The Court finds that plaintiff has not demonstrated that his conviction on the charge of criminal possession of a controlled substance in the third degree has been overturned or otherwise terminated in his favor. To the contrary, plaintiff appends documentary evidence to his complaint indicating that he was convicted and subsequently sentenced on September 26, 2005, to a minimum sentence of four and one-half years (*see* Compl. Ex. 1), and it is undisputed that plaintiff remains in the custody of the New York Department of Correctional Services as of the date of this order. Because each of plaintiff's four claims relate to the underlying conviction on which this action is based, his § 1983 claims would implicate the validity of his conviction, if successful. Accordingly, the Court finds that because plaintiff has not shown that the charge underlying his conviction was

favorably terminated, plaintiff's claims as they relate to his conviction must be dismissed under *Heck*.

Plaintiff also appears to argue that the state court's dismissal of the criminal sale charge at trial constitutes a "favorable termination" of the criminal sale charge. (*See* Compl. at 6.) Where a plaintiff asserts a claim of malicious prosecution based on a charge that was dismissed, "the plaintiff must show that the final disposition is indicative of innocence" in order to show that the charge was favorably terminated. *Milton v. Alvarez*, No. 04 Civ. 8265 (SAS), 2005 WL 1705523, at *4 (S.D.N.Y. July 19, 2005) (citing *Russell v. Smith*, 68 F.3d 33, 36 (2d Cir. 1995)); *see also Singleton v. City of New York*, 632 F.2d 185, 193 (2d Cir. 1980) ("Proceedings are 'terminated in the favor of the accused' only when their final disposition is such as to indicate the accused is not guilty.") (internal citation omitted). Furthermore, the Second Circuit has held that "[a] prosecution based on probable cause which results in a hung jury . . . does not deprive the defendant of civil rights within the meaning of § 1983." *Singleton*, 632 F.2d at 195; *see also Milton*, 2005 WL 1705523, at *4 ("[A] hung jury leaves the defendant's guilt open and a claim for malicious prosecution based on that prosecution must fail."). In plaintiff's case, the jury found plaintiff guilty on the charge of criminal *possession* of a controlled substance in the third degree, but could not reach a verdict on the charge of criminal *sale* of a controlled substance in the third degree. (*See* Pl.'s Opp'n Exs. 7, 8.) Thus, under *Singleton*, because the jury hung on the criminal sale charge, plaintiff has not demonstrated that the final disposition of the criminal sale charge was "indicative of innocence," and plaintiff's claim for malicious prosecution based on that charge must fail.

The Court notes that plaintiff does not, in either his complaint or his opposition papers, make a § 1983 claim for malicious prosecution based on the two charges in the indictment that were dismissed prior to the commencement of trial, specifically the charges of criminal sale of a controlled

substance on or near school grounds and unlawful possession of marijuana. (*See* Pl.'s Opp'n Ex. 10A.) Furthermore, there is no evidence in the record that demonstrates whether the final disposition of those two charges was "indicative of innocence," thereby constituting a favorable termination of the charges. Even assuming *arguendo* that plaintiff could show that the charges of criminal sale of a controlled substance on or near school grounds and unlawful possession of marijuana were favorably terminated, plaintiff still cannot demonstrate that either of those charges supports a claim for malicious prosecution. The Second Circuit has instructed that courts should be concerned "about the possibility of a prosecutor securing an indictment for an easily provable minor offense and adding to it more serious charges with the hope that proof of probable cause on the lesser charge would insulate the prosecutor from liability for malicious prosecution on the unproved serious ones." *DiBlasio*, 102 F.3d at 658. Thus, "[w]here, as here, the criminal prosecution has resulted in conviction on some charges, but not all charges, the Court must determine whether the charges are sufficiently distinct to allow a malicious prosecution claim to proceed on the charge or charges for which the individual was not convicted." *Brown v. Seniuk*, No. 01 Civ. 1248 (SJ), 2002 WL 32096576, at *3 (E.D.N.Y. Mar. 25, 2002) (citing *Janetka v. Dabe*, 892 F.2d 187, 190 (2d Cir. 1989) and *Pichardo v. New York City Police Dep't*, No. 98 Civ. 429 (DLC), 1998 WL 812049, at *3 (S.D.N.Y. Nov. 18, 1998)). A court should look to whether (1) the elements of each charge are different; (2) one charge is a lesser included offense of another; (3) the alleged actions were directed at different people; and (4) the charges on which the individual was convicted were more or less serious than the charges which were dismissed. *See Pichardo*, 1998 WL 812049, at *3 (citing *Janetka*, 892 F.2d at 190); *Brown*, 2002 WL 32096576, at *3.

The Court finds that the charges here are not "sufficiently distinct" so as to allow a malicious prosecution claim to proceed on the dismissed charges. Here, plaintiff was indicted on four related

charges stemming from a single drug transaction. The three charges that were ultimately dismissed are no more serious than the possession charge for which plaintiff was convicted. Plaintiff was convicted of criminal possession of a controlled substance in the third degree, a class B felony. *See* N.Y. Penal Law § 220.16. The other three charges in the indictment were either class B felonies (*see* N.Y. Penal Law §§ 220.39, 220.44) or violations (*see* N.Y. Penal Law § 221.05). Accordingly, this Court finds that all of the dismissed charges are "so closely intertwined with the offense of conviction that there is no reasonable basis to conclude that the [dismissal of] these charges is sufficiently distinct to support a claim of malicious prosecution." *Pichardo*, 1998 WL 812049, at *4; *see also Brown*, 2002 WL 32096576, at *3 (where plaintiff was indicted on several related charges stemming from a single event, the court found that the charges for which plaintiff was acquitted were sufficiently related to the charges for which plaintiff was convicted and would not, therefore, support a claim for malicious prosecution).

Accepting plaintiff's allegations as true and drawing all reasonable inferences in his favor, the Court finds that plaintiff fails to state a claim upon which relief can be granted. Because plaintiff's conviction has not been reversed or otherwise invalidated, plaintiff's § 1983 claims based on his conviction must be dismissed pursuant to *Heck*, 512 U.S. at 487, 489.[4] Additionally, because the other dismissed charges are sufficiently related to the offense of conviction, dismissal of plaintiff's claims based on those charges is also warranted.

## IV. CONCLUSION

For the foregoing reasons, defendant's motion to dismiss is GRANTED without prejudice,

---

[4] As noted above, plaintiff has already filed a petition for *habeas corpus* pursuant to 28 U.S.C. § 2254 challenging the validity of the conviction at issue in this case. Plaintiff's *habeas* action before Judge Koeltl is the proper avenue by which plaintiff may seek relief from his conviction. *See Zarro v. Spitzer*, No. 06 Civ. 5893, 2008 WL 1790431, at *2 (2d Cir. Apr. 18, 2008) (unpublished) ("[These claims implicate the validity of Plaintiff's conviction, and as such they are not cognizable under § 1983 and must be brought in *habeas*.").

9

as "the suit may be reinstituted should plaintiff's conviction be 'expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of *habeas corpus*.'" *Amaker v. Weiner*, 179 F.3d 48, 52 (2d Cir. 1999) (citing *Heck*, 512 U.S. at 487). The Clerk of the Court is respectfully directed to close this case.

SO ORDERED.

DATED:   August 6, 2008
         New York, New York

                                        RICHARD J. SULLIVAN
                                        UNITED STATES DISTRICT JUDGE